Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>CLINTON LEE FERGUSON,<br><br>          Defendant. | 2:20-CR-00115-TOR-1<br><br>PLAINTIFF'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Alison L. Gregoire, Assistant United States Attorney, submits the following sentencing memorandum:

I.      STATEMENT OF FACTS

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant CLINTON LEE FERGUSON's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

PLAINTIFF'S SENTENCING MEMORANDUM - 1

     Between the dates of October 1, 2019, and October 8, 2019, while acting in an undercover capacity, SA McEuen utilized an automated law enforcement version of a publicly available, Internet based, peer-to-peer (P2P) file sharing program, known as BitTorrent, and downloaded child pornography files, on three separate dates, from one suspect user. In total, SA McEuen downloaded from the suspected user 53 times, over 3 different dates, to successfully download over 500 suspected child pornography image files. The images downloaded by SA McEuen from the suspect user appeared to be child pornography, as defined by 18 U.S.C. § 2256. One such video depicts a naked, prepubescent female, approximately 4 years old, facing the camera, straddling an adult man. The camera is centered on her vagina as seen from the man, who is lying on his back. The girl is masturbating the naked man's penis.

     On October 2, 2019, SA McEuen issued a summons to Internet Service Provider (ISP) Comcast Cable Communications, requesting subscriber information for the IP address of the user he was downloading from (73.254.186.67) during the dates and times that child pornography file downloads were conducted. Comcast returned subscriber information for a specific address in Spokane, Washington. McEuen sought and obtained a search warrant for the residence.

     October 30, 2019, the warrant was executed, and the occupants of the home were interviewed. One of the occupants permitted preview of the devices in the home, which were all negative for child pornography. The occupant stated that he had a house guest from July to October 26, 2019, named Clinton Ferguson, a 57-year-old male. The occupant stated Ferguson was constantly on Ferguson's laptop and accessed the residence Wi-Fi during his residency. Ferguson had subsequently purchased a house with his daughter, son-in-law, and their two children and had moved out on October 26, 2019. The occupant further stated Ferguson was a chef who worked from 5:30 AM to 2 PM with Tuesdays and Wednesdays off. SA

PLAINTIFF'S SENTENCING MEMORANDUM - 2

McEuen reviewed the FBI downloads and noted that none occurred during Ferguson's work hours, and none before Ferguson moved into the residence the IP address returned to, nor after Ferguson left.

McEuen learned that the house Clinton Ferguson had moved to was at a specific address in Spokane Valley. On October 30, 2019, SA Brian Hoff drove by the residence, conducted a Wi-Fi audit, and saw a strong signal for "Clinton57" which was locked. According to Ferguson's driver license he was born in XX/XX/1961, which would have made him age 57 at that time. On November 5, 2019, at approximately 3:00 PM, SA Hoff saw the blue Chrysler 200 registered to Ferguson parked in the driveway of the residence. SA McEuen obtained a warrant for the Spokane Valley residence.

SA McEuen conducted an audio recorded interview of Ferguson after a Miranda warning. Ferguson stated he started viewing child pornography when he lived with his friends for the past few months at the Spokane address the IP address returned to. They knew nothing about his viewing habits. Ferguson used BitTorrent to download the images.

Ferguson explained he first viewed child pornography in 2003. He viewed images on GayBoysTube.com and started to view younger and younger boys. He saw and clicked on links to boys 10, 9, 8 years old, though he was most interested in sexual images of boys 15-18 years old. He used BitTorrent to view the images. He knew he was sharing the images he was downloading via BitTorrent because he saw the meter on the BitTorrent application that showed how much he was sharing. Ferguson masturbated to boys aged 14, 15, 16 years old having sex with other boys. He did not want the girl images, but they sometimes came with the boy images. The last time he masturbated to child pornography was the night prior to the search warrant, in his room, at the new house. He agreed that the file titles read

PLAINTIFF'S SENTENCING MEMORANDUM - 3

to him by SA McEuen (which were those McEuen had downloaded from him) were consistent with the files he downloaded.

SA McEuen reviewed the devices seized from Ferguson and identified and marked approximately 3,000 images of child pornography. SA McEuen then stopped because he had a representative sample. The images had creation dates from May 28, 2018 through November 2, 2019.

## II. SENTENCING CALCULATIONS AND PSIR OBJECTIONS

The government agrees Defendant's offense level is 34, Criminal History Category is I, and Guideline provision is therefore 151-188 months.  The government has no objections to the Presentence Investigation Report (PSIR), which also includes the victim impact statements and notes the requested restitution.[1]  ECF No. 39-1.

## III. SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The circumstances of the offense involve Defendant's sexual interest in children and his willingness to act on his sexual interest in children through receiving child pornography and, by using file sharing software, distributing the same. ECF No. 39 at ¶ 16 (Mr. Ferguson noted he used BitTorrent to view the images, and that he knew he was sharing the images he was downloading via

---

[1] As the PSIR notes, the actual restitution requests and the documents supporting those requests are at Bates 36-36.731.  The government assumes this information will be provided to the Court by U.S. Probation.  If that assumption is in error, the government will provide the Court the documentation supporting the requests.

PLAINTIFF'S SENTENCING MEMORANDUM - 4

BitTorrent because he saw the meter on the BitTorrent application that showed how much he was sharing).

The images Defendant maintained included prepubescent children. ECF No. 39 at ¶¶ 4, 10, 18. Defendant possessed over 3,000 child pornography images and 327 videos. ECF No. 39 at ¶ 18.

In evaluating the nature and circumstances of the offense, the government asks the Court to consider the victim impact statements (attached to the PSIR) from some of the victims portrayed in images Defendant possessed.

In one such statement an adoptive mother details how her boys were removed from their biological parents, pursuant to charges of neglect, and placed in foster care where they were sexually abused, and images were made of that sexual abuse. ECF No. 39-1 at 6 (statement on behalf of 8Kids (John Does III, IV, V). Defendant was in possession of some of those images of that abuse. The adoptive mother explains, "Every time a deranged pervert posts and reposts these graphic images of our sons, our nightmare occurs again and again. For I know that someone is deriving sick sexual pleasure from viewing pictures of my sons being raped." *Id.* One the children who was portrayed in that series of images writes, "When a market exists for child pornography it will continue. I am constantly victimized knowing the awful truth that I can never escape these photos or the people that profit from them both sexually and monetarily." ECF No. 39-1 at 4 (statement on behalf of 8Kids (John Doe II)). Another child portrayed in the series details the photos of his abuse continued to be shared "to this day." ECF No. 39-1 at 2 (statement on behalf of 8Kids (John Doe I)). He is constantly concerned that he could be recognized by someone who saw the images of him being abused and notes, "I wish this would all go away but I know it never will because these sickos continue to share these pictures with each other." ECF No. 39-1 at 2 (statement on behalf of 8Kids (John Doe I)). Another one of the children indicates he was just 5

PLAINTIFF'S SENTENCING MEMORANDUM - 5

years old when he lived with his abuser because of a foster care arrangement and was abused. ECF No. 39-1 at 10 (statement on behalf of 8Kids (John Doe IV)). He notes his understanding, "there is no way to stop these pictures from being traded on the internet . . . I will always be on someone's computer or phone, with someone enjoying looking at pictures of me being hurt." ECF No. 39-1 at 10 (statement on behalf of 8Kids (John Doe IV)).

Another victim in a series Defendant possessed notes fear of even having a social media profile picture for fear of being recognized. ECF No. 39-1 at 20 (statement on behalf of AprilBlonde (April)). The child notes as a result of being notified each time an image is found, "My mom received 22,000 notifications and I had to stop the notifications because it made me have panic attacks." ECF No. 39-1 at 20 (statement on behalf of AprilBlonde (April)).

Another mother notes having to identify her children in images her husband had created documenting their sexual abuse. ECF No. 39-1 at 22-23 (statement on behalf of BluesPink1 (Fiona)). She describes the continued impact as her daughter is suicidal and afraid to even sleep alone. ECF No. 39-1 at 24 (statement on behalf of BluesPink1 (Fiona)).

The children in the Dalmatians series, also found on Defendant's device describe their abuse as making them feel tortured and embarrassed, ECF No. 39-1 at 33, 36 (statements on behalf of Dalmatians).

In another statement, a victim herself notes how she continues to be impacted knowing, "some sick person is looking at me on the computer every day." ECF No. 39-1 at 43 of 353. She goes on to state something that should be obvious, "I am a real person." ECF No. 39-1 at 39 (statement on behalf of LeopardTight).

Another (now adult) victim, in other images Defendant possessed, also speaks to how the public nature of her "private hell" has continued to impact her

PLAINTIFF'S SENTENCING MEMORANDUM - 6

life. ECF No. 39-1 at 42 (statement on behalf of Vicky). She writes about how the abuse at the hands of her abuser is over but those who download the images are all around and that will go on forever. ECF No. 39-1 at 44, 46, 47 (statement on behalf of Vicky).

    To be clear, one of the people continuing to victimize these children by receiving, possessing, and then distributing the images of abuse to still more people is Defendant. The continuing harm they suffer is caused by Defendant and the many others who are committing the same crime. As these children repeatedly make clear, their victimization is not over when their molester is caught and punished; they are continually and repeatedly victimized through the constant ingestion and distribution of these images depicting their abuse.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

    The government asks that the Court accept the plea agreement and sentence Defendant to imprisonment for five (5) years. As the Court is well aware, five years is the government's typical recommendation in child pornography cases and this is such a case. The government does not believe a higher sentence is necessary. The government is asking for five years, or the same sentence the government has sought for similarly situated defendants. The government is certainly also well aware that five years' imprisonment is a very significant amount of time, particularly for one without significant criminal history. To be clear, however, as the victim impact statements reiterate again and again, this is a terribly serious crime, and the five years sought is absolutely necessary.

    The government also asks the Court to order a 10 year term of supervised release. Such a significant sentence is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.

PLAINTIFF'S SENTENCING MEMORANDUM - 7

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Defendant has no criminal history points. However, he did accumulate a significant amount of child pornography, capturing the victimization of many children. The guideline stops adding points after 600 images, but the Court can and should note, Defendant had thousands of images.

The government believes five years is a sufficient term of imprisonment to support deterrence, but the government also recommends a 10-year term of supervised release.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

As has been detailed, Defendant's crime is serious. Defendant's demonstrated sexual interest in children makes him a real danger to the public.

The government maintains five (5) years imprisonment followed by ten (10) years of supervised release is sufficient, but not greater than necessary, and will protect the public from further crimes of Defendant.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant has not identified any needed educational or vocational training.

6. <u>The kinds of sentences available.</u>

Defendant is subject to a sentence involving a term of imprisonment.

7. <u>The kind of sentence contemplated by the Sentencing Guidelines.</u>

The Sentencing Guidelines contemplate a term of imprisonment.

8. <u>Any pertinent policy statements issued by the Sentencing Commission.</u>

There are no pertinent policy statements in this case.

PLAINTIFF'S SENTENCING MEMORANDUM - 8

9. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.</u>

Defendant is subject to a sentence similar to others similarly situated.

## IV.   RESTITUTION

The government notes, pursuant to 18 U.S.C. § 2259(b)(2), the Court shall order restitution for the full amount of the victim's losses in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim. *See also* ECF No. 39 at ¶¶ 4, 19. Three victims from identified child pornography series located during this investigation have requested restitution totaling $25,000. A victim from the "Aprilblonde" series is requesting $12,000 in restitution. A victim from the "BluesPink1" series is requesting not less than $3,000 in restitution. A victim from the "Vicky" series is requesting $10,000 in restitution. ECF No. 39 at ¶ 21. Documentation supporting those requests is contained at Bates 36-36.731, which the United States understands will be provided to the Court.

## IV.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends the court impose a sentence of five (5) years imprisonment as well as a ten (10) year term of supervised release. The government also asks for restitution on behalf of the victims who have requested restitution, in the amount of not less than $3,000 for each of the following victims: "Aprilblonde," "BluesPink1," and "Vicky."

Respectfully submitted this 6th day of May 2021.

        Joseph H. Harrington
        Acting United States Attorney

        <u>s/Alison L. Gregoire</u>
        Alison L. Gregoire
        Assistant United States Attorney

PLAINTIFF'S SENTENCING MEMORANDUM - 9

CERTIFICATION

I hereby certify that on May 6, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Richard Louis Bechtolt, Jr
505 West Riverside Avenue, Suite 531
Spokane, WA 99201

*s/Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

PLAINTIFF'S SENTENCING MEMORANDUM - 10